IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CV. NO. 08-00405 DAE-BMK |
| | ) | |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT C. KONOP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING KONOP'S MOTION TO SET BRIEFING
SCHEDULE; (2) DENYING HAWAIIAN'S MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. The instant motions are currently before the Court

on remand from the United States Court of Appeals for the Ninth Circuit.

Following the Ninth Circuit's decision in this case, the Court directed the parties to

file briefing on excusable neglect, the central issue presented by the instant

motions.

After reviewing the parties' initial briefing, the Ninth Circuit's memorandum disposition, and the parties' supplemental briefing, the Court concludes that Konop's failure to timely file his opening brief was the result of excusable neglect. Accordingly, the Court GRANTS Appellant Robert C. Konop's ("Konop") Motion to Set Briefing Schedule (Doc. # 10) and DENIES Appellee Hawaiian Airlines, Inc.'s ("Hawaiian") Motion to Dismiss Appeal (Doc. # 13).

BACKGROUND

On September 8, 2008, Appellant Robert C. Konop ("Konop"), proceeding pro se, appealed U.S. Bankruptcy Judge Robert J. Faris's order holding Konop in contempt and ordering him to pay sanctions in the amount of $379,340.11, less any amounts paid by Randal Yoshida ("Yoshida") and Timothy Philipp ("Philipp").[1] Judge Faris ultimately approved settlement agreements as to

---

[1] Following Judge Faris's December 13, 2005 bench ruling granting the Motion for Partial Summary Judgment against Konop as to the Motion for Contempt and Payment of Attorneys Fees (Bk. No. 03-00817, Doc. # 5769), Konop filed his initial notice of appeal on December 22, 2005 (Bk. No. 03-00817, Doc. # 5773). On May 10, 2006, Judge Faris issued an Order Granting Sanctions Against Robert C. Konop. (Bk. No. 03-00817, Doc. # 5873.) Konop filed a supplemental notice of appeal on May 15, 2006. (Bk. No. 03-00817, Doc. # 5881.) On August 25, 2008, Judge Faris approved the parties' Stipulation for Dismissal With Prejudice of the Motion for Contempt and Payment of Attorneys Fees as to Timothy Philipp. (Bk. No. 03-00817, Doc. # 6034.) Thereafter, on September 8, 2008, Konop filed his second supplemental notice of appeal. (Bk. No. 03-00817, Doc. # 6045.)

the claims against Yoshida and Philipp, and they paid a combined total of $130,000 toward the $379,340.11 in sanctions awarded. (Bk. No. 03-00817, Docs. ## 5499, 5612, 5613, 6034.) On December 16, 2008, Judge Faris denied Konop's motion to stay the $246,340.11 judgment against him pending appeal to this Court. (Bk. No. 03-00817, Doc. # 6113.)

On September 9, 2008, this Court sent the parties and their counsel a Scheduling Order (Doc. # 2) as well as a Notice of Docketing Bankruptcy Appeal in United States District Court ("Notice," Doc. # 3). The Scheduling Order stated: "COURT WILL ASSESS CASE STATUS ON **Monday, December 08, 2008**." (Doc. # 2.) The Notice provided as follows:

> **YOU ARE HEREBY CAUTIONED,** that Rule 8009, Federal Rules of Bankruptcy Procedure, specifies the briefing schedule in bankruptcy appeals. It requires that the appellee file and serve a brief within 15 days of service of the appellant's brief. The appellant has 10 days within which to file a reply brief. All parties are cautioned to examine these and other Rules contained in Part VIII of the Federal Rules of Bankruptcy Procedure governing the filing and service of papers, the contents of briefs and appendices thereto, and other aspects of procedure governing appeals.

(Doc. # 3.)

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 8009(a), Konop's opening brief was due September 23, 2008.[2]  On October 9, 2008, Konop filed a Motion to Set Briefing Schedule, which proposed a January 22, 2009 deadline for Konop's opening brief.  (Doc. # 10.)  On October 10, 2008, Hawaiian filed an Opposition to Konop's Motion to Set Briefing Schedule and a Cross-Motion to Dismiss Appeal ("Motion to Dismiss"), which urged the Court to dismiss Konop's appeal for failure to timely file his opening brief or to request an extension of time prior to the deadline.  (Doc. # 13.)  Konop filed a Reply on October 14, 2008.  (Doc. # 15.)

On December 8, 2008, the Court heard both motions.[3]  The next day, the Court issued an Order Denying Konop's Motion to Set Briefing Schedule and Granting Hawaiian Airlines' Motion to Dismiss ("Dismissal Order").  (Doc. # 22.) Konop filed a Notice of Appeal on December 11, 2008 (Doc. # 25), and on October 29, 2010, the U.S. Court of Appeals for the Ninth Circuit vacated the Dismissal Order and remanded to this Court for further proceedings, concluding

---

[2] Bankruptcy Rule 8009(a) was amended March 26, 2009, and the amendments took effect December 1, 2009.  Because the previous version of Bankruptcy Rule 8009(a) was in effect when Konop filed the instant appeal, its briefing deadlines apply.

[3] Konop appeared at the hearing via telephone.  Sidney P. Levinson, Esq., and Lindsay McAneeley, Esq., appeared at the hearing on behalf of Hawaiian.

that it was unclear from the record whether the Court properly analyzed excusable

neglect (Doc. # 40).

On October 29, 2010, the Court directed the parties to file briefing on

excusable neglect, and to specifically address the issue of prejudice.  (Doc. # 41.)

Konop filed a Memorandum on Excusable Neglect on November 9, 2010.

("Konop's Br.," Doc. # 42.)  Hawaiian filed a Brief Addressing Excusable Neglect

and Request for Judicial Notice on November 10, 2010.  ("Hawaiian's Br.," Doc.

# 44.)  On November 15, 2010, Konop filed an Objection to Hawaiian's Exhibit,

which challenges Hawaiian's Request for Judicial Notice.  ("Objection," Doc.

# 45.)

<u>DISCUSSION</u>

Hawaiian once again seeks dismissal of the appeal, and argues that

Konop's failure to timely file his opening brief was not the result of excusable

neglect.  Following the liberal standard set by the Ninth Circuit, this Court must

conclude otherwise.

At the time of Konop's appeal to this Court, Bankruptcy Rule 8009(a)

provided: "Unless the district court or the bankruptcy appellate panel by local rule

or by order excuses the filing of briefs or specifies different time limits: (1) The

appellant shall serve and file a brief within 15 days after entry of the appeal on the

docket pursuant to [Bankruptcy] Rule 8007." Fed. R. Bank. P. 8009(a)(1).

Bankruptcy Rule 8001 provides, in pertinent part, that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bank. P. 8001(a).

Bankruptcy Rule 9006 allows a court to permit a movant's late filing if the movant's failure to meet the specified deadline "was the result of excusable neglect." Fed. R. Bank. P. 9006(b)(1). Interpreting this provision, the U.S. Supreme Court articulated a four-part test to determine whether a party's failure to meet a deadline constitutes excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Specifically, courts must examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. The determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395; see also Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009) (stating that the four enumerated Pioneer factors are "'not an

exclusive list'") (quoting <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 381

(9th Cir. 1997) (per curiam)).

   The Ninth Circuit has expounded upon the <u>Pioneer</u> test, and adopted it

in other contexts, including Federal Rules of Civil Procedure ("Rule") 6(b) and

60(b) as well as Federal Rules of Appellate Procedure ("Appellate Rule") 4(a)(5).

<u>See, e.g.</u>, <u>Briones</u>, 116 F.3d at 381 (adopting the <u>Pioneer</u> test for consideration of

Rule 60(b) motions); <u>Comm. for Idaho's High Desert, Inc. v. Yost</u>, 92 F.3d 814,

825 n.4 (9th Cir. 1996) (concluding that the <u>Pioneer</u> test is applicable to Rule 6(b)

and noting the Ninth Circuit's prior holding that the <u>Pioneer</u> analysis applies to

Appellate Rule 4(a)(5)) (citing <u>Reynolds v. Wagner</u>, 55 F.3d 1426, 1429 (9th Cir.

1995)).  Although the Ninth Circuit initially took a narrow approach to the <u>Pioneer</u>

excusable neglect analysis, <u>see</u> <u>Kyle v. Campbell Soup Co.</u>, 28 F.3d 928, 931–32

(9th Cir. 1994) (concluding that an attorney's mistake in interpreting and applying

unambiguous rules did not constitute excusable neglect under <u>Pioneer</u>), the clear

trend since <u>Pincay v. Andrews</u>, 389 F.3d 853 (9th Cir. 2004) (en banc) is to afford

the movant more lenience when applying the <u>Pioneer</u> factors, <u>see, e.g.</u>, <u>Lemoge</u>,

587 F.3d at 1195–98 (determining that the district court abused its discretion in not

finding excusable neglect within Rule 60(b) when the plaintiffs' attorney, due to

serious medical issues, failed to timely serve the summons and complaint, but

seven months later, moved to set aside the district court's dismissal of the case); In re Zilog, Inc., 450 F.3d 996, 1006–07 (9th Cir. 2006) (concluding that the bankruptcy court abused its discretion in failing to find excusable neglect pursuant to Bankruptcy Rule 9006(b)(1) when pro se employees failed to timely file proofs of claim); Pincay, 389 F.3d at 858–60 (affirming the district court's finding of excusable neglect within the meaning of Appellate Rule 4(a)(5) when the defendants filed their notice of appeal twenty-four days late due to a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule). Indeed, the Ninth Circuit has recently reiterated that "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" Lemoge, 587 F.3d at 1192 (quoting Pioneer, 507 U.S. at 394).

I.   Prejudice

The first Pioneer factor, prejudice to the opposing party, "requires greater harm than simply that relief would delay resolution of the case." Lemoge, 587 F.3d at 1196 (citing TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001)); see also Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224–25 (9th Cir. 2000) (concluding that the loss of a "quick victory" is insufficient prejudice to deny relief under Rule 60(b)). Prejudice to the movant, although not

8

an explicit <u>Pioneer</u> factor, can also be considered in appropriate circumstances.

<u>Lemoge</u>, 587 F.3d at 1195; <u>see also</u> <u>S.E.C. v. Platforms Wireless Int'l Corp.</u>, 617

F.3d 1072, 1100 (9th Cir. 2010) (citing <u>Lemoge</u>, 587 F.3d at 1195).

Hawaiian argues that Konop has demonstrated a "willingness to ignore court ordered limitations and deadlines on numerous occasions" and that if Konop is permitted to proceed with this appeal, it will "caus[e] Hawaiian further prejudice than it has already suffered." (Hawaiian's Br. at 9.)  Hawaiian claims that it has suffered prejudice from Konop's "extensive litigation campaign" against it, during which time Hawaiian has had to respond to "meritless legal proceedings commenced by Konop in multiple jurisdictions." (<u>Id.</u> at 7.)  In support, Hawaiian emphasizes that the instant appeal arises from Judge Faris's imposition of sanctions against Konop for his misconduct in the underlying bankruptcy case. (<u>Id.</u>)  Hawaiian also points out that Judge Faris sanctioned Konop, in a separate proceeding, for knowingly commencing litigation against Hawaiian in violation of the bankruptcy court's Confirmation Order.[4]  (<u>Id.</u> at 7–8.)  Finally, Hawaiian

---

[4] On April 7, 2009, U.S. District Judge Helen Gillmor affirmed Judge Faris's imposition of $101,157.43 in sanctions against Konop for this violation. (Cv. No. 08-00538, Doc. # 34.)  The Ninth Circuit affirmed Judge Gillmor's decision on October 27, 2010.  (Cv. No. 08-00538, Doc. # 43.)

asserts that, in his briefing to the Court of Appeals for the Ninth Circuit, Konop mischaracterized certain facts regarding this Court's Dismissal Order.[5]  (Id. at 8–9.)

The Court is not persuaded.  Even assuming that the prior proceedings between the parties are relevant to the instant determination, it is unclear how these proceedings establish that allowing Konop to file an untimely opening brief in the instant appeal would prejudice Hawaiian.  Hawaiian's assertion that Konop frequently disregards court deadlines does not establish prejudice, particularly because Konop has not missed any deadline in the instant appeal other than the one to file his opening brief.  Moreover, Konop prevailed in part on one of his appeals from the underlying bankruptcy case, which demonstrates that the proceedings between the parties, and Konop's subsequent appeals, have not all been entirely "meritless," as Hawaiian suggests.  (See Cv. No. 05-00725, Doc. # 32 (ruling for Konop in part on appeal from the bankruptcy court).)  Based on the limited facts

_____

[5] Hawaiian submitted a copy of this briefing—Konop's Motion to Reconsider the Award of Costs to Appellant Konop and Bill of Costs ("Motion to Reconsider")—as Exhibit A to its supplemental brief.  Courts may take judicial notice of court filings and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Because Konop's Motion to Reconsider is a matter of public record, the Court grants Hawaiian's request for judicial notice of this document.  For the reasons just stated, the Court also grants Konop's request for judicial notice of the Errata to the Motion to Reconsider ("Errata").  (Objection Ex. A.)

and information presented, the Court simply cannot conclude that there was significant prejudice to Hawaiian.

Hawaiian's argument that Konop has mischaracterized facts regarding this Court's Dismissal Order is similarly inapposite. Hawaiian emphasizes the following passage in Konop's Motion to Reconsider: "Upon its consideration of Appellant Konop's Motion to Set Briefing Schedule, and <u>without prior warning or notice</u>, at the hearing on the matter setting the briefing schedule, <u>the district court sua sponte dismissed Konop's appeal</u> . . . ." (Hawaiian's Br. at 8 (quoting Hawaiian's Br. Ex. A at 2).) Hawaiian fails to mention, however, that in another portion of the <u>same brief</u>, Konop accurately states that the "dismissal was sought by Hawaiian Airlines in response to [Konop's] briefing request," and that this Court granted Hawaiian's Motion to Dismiss. (Hawaiian's Br. Ex. A at 1.) Additionally, upon learning of his mistake, Konop filed an Errata, correcting his statement that this Court dismissed his appeal sua sponte. (Objection Ex. A.) This does not demonstrate that Konop purposefully mischaracterized facts in a pleading.

Upon review of the information before it, the Court concludes that the prejudice to Hawaiian is nominal; allowing Konop to file an untimely opening brief would merely mean that Hawaiian "would have lost a quick victory," which

is not sufficiently prejudicial to deny relief.[6] See Bateman, 231 F.3d at 1225; see also Lemoge, 587 F.3d at 1196 (rejecting the defendant's assertion that it would be prejudiced if the plaintiffs' Rule 60(b) motion were granted because it relied on the dismissal of the lawsuit in settling a separate action). Accordingly, this factor weighs in favor of Konop.[7]

## II.    Length of the Delay

Although the parties do not specifically address this Pioneer factor, the Court nonetheless briefly analyzes whether it weighs in favor of excusability. Konop's opening brief was due September 23, 2008, and on October 9, 2008, approximately two weeks past the deadline, Konop filed his Motion to Set Briefing Schedule. This is a minor delay, particularly when compared to other delays deemed reasonable by the Ninth Circuit. See, e.g., Lemoge, 587 F.3d at 1197 (concluding that the plaintiffs' Rule 60(b) motion, filed seven months after the case

---

[6] Additionally, because Judge Faris denied Konop's motion to stay the judgment against him pending appeal to this Court (Bk. No. 03-00817, Doc. # 6113), Hawaiian will not suffer prejudice on this basis.

[7] As in Lemoge, it may be appropriate in this case to consider the prejudice to Konop if he is denied relief. See Lemoge, 587 F.3d at 1194–95 (concluding that although prejudice to the movant is not an enumerated Pioneer factor, it is a "relevant circumstance" to be considered in certain cases) (citing Pioneer, 507 U.S. at 395). Because the Court already concludes that Hawaiian will not suffer sufficient prejudice to deny relief, it does not consider the prejudice to Konop as an additional, relevant circumstance.

had been dismissed, was brought within a reasonable amount of time); <u>Bateman</u>,

231 F.3d at 1225 (characterizing the plaintiff's month-long delay in filing its Rule

60(b) motion as "minimal"). Accordingly, this factor weighs in favor of Konop.

III.   <u>Reason for the Delay</u>

      The Supreme Court has made clear that "excusable neglect . . . is not

limited to situations where the failure to timely file is due to circumstances beyond

the control of the filer." <u>Pioneer</u>, 507 U.S. at 391. On several occasions, the Ninth

Circuit has found excusable neglect when experienced law firms and attorneys

have missed filing deadlines. <u>See, e.g.</u>, <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624

F.3d 1253, 1262 (9th Cir. 2010) (characterizing an attorney's "calendaring mistake

caused by the failure to apply a clear local rule" as a weak justification for the

delay, but nonetheless finding excusable neglect); <u>Lemoge</u>, 587 F.3d at 1197

(finding that although the plaintiffs' attorney was "seriously" negligent in failing to

identify the correct agency to serve, his medical problems, which began shortly

thereafter and precluded him from correcting the situation, "provided adequate

reasons for the delay"); <u>Pincay</u>, 389 F.3d at 859 (recognizing that "a lawyer's

failure to read an applicable rule is one of the least compelling excuses that can be

offered," but nevertheless holding that the district court did not abuse its discretion

by finding excusable neglect when a sophisticated law firm missed a filing

deadline because of a paralegal's error); <u>Bateman</u>, 231 F.3d at 1222–25 (finding

excusable neglect when an attorney missed an opposition deadline while he was

out of the country for a family emergency, but the attorney did not contact the

district court until sixteen days after he returned, attributing his lapse to "jet lag

and the time it took to sort through the mail"). Indeed, in <u>Pioneer</u> itself, the U.S.

Supreme Court found excusable neglect when "an experienced bankruptcy

attorney" missed the deadline for filing pre-petition claims because he overlooked

the filing date in the bankruptcy court's notice. <u>Pioneer</u>, 507 U.S. at 383–84, 398.

Although the Supreme Court "consider[ed] significant" that the bankruptcy court's

notice of the bar date was outside the ordinary course in bankruptcy cases, it

nonetheless clarified that even an attorney's neglect can be considered excusable.

<u>Id.</u> at 398.

Here, Konop asserts that he simply misinterpreted the Notice, which

directed the parties to follow the briefing deadlines set forth in Bankruptcy Rule

8009. (Konop's Br. at 4, 6.) Konop states that in his two prior appeals from the

bankruptcy court, after the appeal was docketed, he received notice of a status

conference before a magistrate judge, during which the briefing deadlines were set.

(<u>Id.</u>) Konop contends that when he received the Scheduling Order in this appeal,

indicating that the court would assess the case status on December 8, 2008, he

assumed this meant that the court would hold a status conference on that date during which it would set a briefing schedule, in accordance with the court's prior procedure.  (Id. at 4–6.)  Konop explains that he was also distracted by a "series of external events" at the time his opening brief was due, including his wife's being diagnosed with cancer, and her two subsequent cancer surgeries, as well as Konop's extended absence from the country due to six-week engagements as a pilot working in Europe and the Middle East.  (Id. at 4–6, 9–10.)

Admittedly, Konop should not have blindly assumed that the procedures in the present appeal would parallel those of his previous appeals.  The Notice specifically directed Konop to follow the briefing deadlines set forth in Bankruptcy Rule 8009, and Konop should have either heeded those deadlines or filed a motion for an extension of time to file his opening brief.  Although Konop is proceeding pro se in this appeal, he is nonetheless a sophisticated litigant who has represented himself in numerous lawsuits, including five appeals to this Court (see Cv. No. 05-00725; Cv. No. 07-00223; Cv. No. 08-00405; Cv. No. 08-00538; Cv. No. 09-00012) and several appeals to the Court of Appeals for the Ninth Circuit.  Konop's reason for the delay is weak, but he was no more negligent in this case than were the attorneys in Pioneer, Ahanchian, Lemoge, Pincay, and Bateman.

Accordingly, under the circumstances presented, this will not preclude the Court from finding excusable neglect.

IV.     <u>Good Faith</u>

Hawaiian argues that Konop has engaged in a pattern of misconduct that constitutes bad faith.  (Hawaiian's Br. at 10–11.)  Hawaiian emphasizes that Konop did not advise the Court in his Motion to Set Briefing Schedule that he had already failed to file his opening brief prior to the Court's deadline or even that the Court had already set a deadline for him to file his brief.  (<u>Id.</u> at 10.)  Hawaiian also faults Konop for allegedly "chang[ing] over time" his reasons for missing the briefing deadline, and for failing to ever file an opening brief in this appeal.  (<u>Id.</u> at 10–11.)

Hawaiian relies upon <u>In re Hill</u>, 775 F.2d 1385 (9th Cir. 1985) (per curiam) for the proposition that Konop's failure to file his opening brief demonstrates that he has not acted in good faith.  Specifically, Hawaiian states:

> [A]t no time did Konop ever file his opening brief.  This is unlike the good faith conduct of the moving party in <u>Hill v. Shekter</u>, 775 F.2d 1385 (9th Cir. 1985).  In <u>Hill</u>, the moving party filed its opening brief within a day after the appelle [sic] filed its motion to dismiss and the court still dismissed the appeal.  <u>Hill</u>, 775 F.2d at 1386.

(Hawaiian's Br. at 11.)  This statement does not accurately characterize the Ninth

Circuit's holding in <u>Hill</u>.  In that case, the Ninth Circuit <u>reversed</u> the district court's

dismissal of the bankruptcy appeal and remanded for the district court to consider

"possible effective sanctions alternative to dismissal."  <u>Hill</u>, 775 F.2d at 1387.

Hawaiian's description of <u>Hill</u> infers the opposite result, and implies that even

though the moving party filed its opening brief within one day of the appellee's

motion to dismiss, the Ninth Circuit nonetheless dismissed the appeal.

Additionally, the Ninth Circuit did not even mention good faith in <u>Hill</u>.

Upon review, the Court cannot conclude that Konop acted in bad

faith.  Konop's failure to acknowledge in his Motion to Set Briefing Schedule that

he missed the applicable briefing deadline, and his failure to file the opening brief,

do not rise to the level of bad faith.  Further, the Court will not fault Konop for first

mentioning at the hearing on this matter that his wife's medical problems

contributed in part to his missing the opening brief deadline.  Although Konop

should have articulated all of his reasons for missing the deadline in his brief, that

he failed to mention his wife's illness until the hearing does not constitute bad

faith, and does not necessarily mean that Konop's reasons for failing to comply

with the Court's deadline "changed over time."  There is simply no evidence that

Konop acted with anything less than good faith.  <u>See</u> <u>Bateman</u>, 231 F.3d at 1225

(concluding that the movant acted in good faith because "[h]is errors resulted from negligence and carelessness, not from deviousness or willfulness").

V.    Additional Arguments

Hawaiian urges the Court to follow those cases that have "found a lack of excusable neglect whe[n] the neglect resulted from mistakes of law or a reading of the rules, even with little or no evidence of prejudice or bad faith." (Hawaiian's Br. at 12.)  Hawaiian relies on three cases, all of which are distinguishable and unpersuasive.  First, Hawaiian cites Kyle v. Campbell Soup Co., wherein a lawyer's mistaken application of unambiguous rules resulted in the lawyer missing the deadline for the plaintiff's motion for attorneys fees.  See Kyle, 28 F.3d at 929–31.  The Ninth Circuit reversed the district court's finding of excusable neglect, but in so doing, the court only distinguished Pioneer, rather than apply the Pioneer four-factor test to the circumstances presented.  Additionally, Kyle was decided only ten months after the Supreme Court decided Pioneer, and the Ninth Circuit's recent opinions on excusable neglect have called into question Kyle's precedential value.  See, e.g., Mendez v. Knowles, 556 F.3d 757, 766 n.3 (9th Cir. 2009) (distinguishing Kyle and noting that it was decided before the Ninth Circuit's en banc decision in Pincay); Pincay, 389 F.3d at 856 (recognizing that Kyle took a narrower approach to the Pioneer test than do the Ninth Circuit's

more recent opinions).  Because of this, the Court will follow the Ninth Circuit's more recent opinions on excusable neglect, rather than <u>Kyle</u>.

Hawaiian next relies on <u>Speiser, Krause & Madole P.C. v. Ortiz</u>, 271 F.3d 884 (9th Cir. 2001), which affirmed a district court's determination that a lawyer's failure to read and understand unambiguous rules does not constitute excusable neglect.  As with <u>Kyle</u>, <u>Speiser</u> was decided prior to the Ninth Circuit's en banc opinion in <u>Pincay</u>.  <u>Speiser</u> also did not individually discuss each of the <u>Pioneer</u> factors as the Ninth Circuit recently reiterated is the proper procedure for determining where there is excusable neglect.  <u>See</u> <u>Lemoge</u>, 587 F.3d at 1193–94. Furthermore, <u>Kyle</u> and <u>Speiser</u> both involved attorneys missing unambiguous deadlines, whereas here, Konop is proceeding pro se.  Although "pro se litigants are not excused from following court rules," <u>Briones</u>, 116 F.3d at 382, the Ninth Circuit recently considered the moving parties' pro se status when determining whether they had established excusable neglect, <u>see</u> <u>Zilog</u>, 450 F.3d at 1006 (stating that it would be "very strange indeed" to conclude that the pro se movants in the case had not established excusable neglect when "[i]n <u>Pioneer</u> and <u>Pincay</u>, sophisticated attorneys were let off the hook after missing filing deadlines"). Hawaiian's reliance on <u>Speiser</u> is therefore inapposite.

Finally, Hawaiian relies on In re Warrick, 278 B.R. 182 (B.A.P. 9th Cir. 2002), which followed Speiser and Kyle and affirmed the bankruptcy judge's order denying the debtor's Bankruptcy Rule 8002(c) motion to extend time to appeal.  However, as with Speiser and Kyle, Warrick precedes Pincay and the Ninth Circuit's more recent cases, which clarified the application of the Pioneer test in the Ninth Circuit.  Accordingly, the Court does not find Warrick persuasive.

In sum, three of the Pioneer factors—prejudice, length of delay, and good faith—weigh in favor of Konop, and although Konop was negligent in missing the opening brief deadline, that will not preclude the Court from finding that this error was the product of excusable neglect.  See Pioneer, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.").  Thus, "considering all relevant circumstances," Pioneer, 507 U.S. at 395, the Court concludes that Konop's neglect was "excusable" under Bankruptcy Rule 9006(b)(1).

<u>CONCLUSION</u>

For the reasons above, the Court GRANTS Konop's Motion to Set Briefing Schedule (Doc. # 10) and DENIES Hawaiian's Motion to Dismiss (Doc. # 13).  The Court hereby refers this matter to the magistrate judge to set an appropriate briefing schedule for the instant appeal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 18, 2011.

_____
David Alan Ezra
United States District Judge

<u>Konop v. Hawaiian Airlines</u>, Cv. No. 08-00405 DAE-BMK; ORDER: (1) GRANTING KONOP'S MOTION TO SET BRIEFING SCHEDULE; (2) DENYING HAWAIIAN'S MOTION TO DISMISS