## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CV. NO. 08-00405 DAE-BMK |
| | ) | BK. NO. 03-00817 |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT C. KONOP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

ORDER: (1) AFFIRMING IN PART AND VACATING IN PART
THE BANKRUPTCY COURT'S ORDER GRANTING SANCTIONS
AGAINST KONOP AND (2) REMANDING THIS MATTER
<u>TO THE BANKRUPTCY COURT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Appellant Robert C. Konop's

("Konop") appeal and the supporting and opposing memoranda, the Court

**AFFIRMS IN PART** and **VACATES IN PART** the Bankruptcy Court's Order

Granting Sanctions Against Konop and **REMANDS** this matter to the Bankruptcy

Court with instructions to amend the sanctions award in accordance with this

Order.

BACKGROUND

I.      Representations to the Bankruptcy Court

On March 21, 2003, Appellee Hawaiian Airlines, Inc. ("Hawaiian

Airlines") filed a voluntary petition for bankruptcy under Chapter 11.  (Bk. No. 03-

00817, Doc. # 1.)  Konop, Hawaiian Investment Partners Group LLC, and

Hawaiian Reorganization Committee LLC (collectively, "Konop and the Co-

Proponents") filed a plan of reorganization for Hawaiian Airlines and multiple

disclosure statements describing, among other things, the details of that plan and

the means for implementing it.  Hawaiian Airlines alleges that beginning in

September 2004, Konop signed and filed three separate disclosure statements and

various supporting documents that he knew to contain material misstatements of

fact regarding the existence of financing to support his plan of reorganization.

(Doc. # 64 at 3.)

First, on September 9, 2004, Konop and the Co-Proponents filed a

Third Amended Plan of Reorganization.  (Bk. No. 03-00817, Doc. # 3249.)  They

filed a disclosure statement for the Third Amended Plan on September 20, 2004.

(Bk. No. 03-00817, Doc. # 3306.)  The September 2004 disclosure statement stated

2

that the plan "recapitalizes the Debtor with an immediate equity infusion of $200

million in cash, with Plan associated financial resources of more than $300

million." (Id. at 46.)  It further stated in bold font that the plan sponsors "have

obtained a commitment from financial institutions and accredited investors to

purchase new debt to be issued by Reorganized Debtor that generates net proceeds

to the Reorganized Debtor in excess of $100,000,000." (Id. at 48.)  The disclosure

statement also stated the following:

> The Hawaiian Investment Partners Group LLC has funds and funding
> available, in cash, to the levels which are called for within the Plan.
> Proof of funds is attached herewith as Exhibit H.

(Id. at 82.)  However, nothing was attached as Exhibit H to the September

disclosure statement.

Second, on November 11, 2004, Konop and the Co-Proponents filed a

Fourth Amended Plan of Reorganization and another disclosure statement.  (Bk.

No. 03-00817, Docs. ## 3713, 3714.)  The November disclosure statement

contained the same representations as the September disclosure statement

regarding the availability of funding to the levels called for within the plan.  (Bk.

No. 03-00817, Doc. # 3714 at 50.)  However, this time an affidavit from Mr. Paul

Boghosian was attached as Exhibit H.  (Id. Ex. H.)  That affidavit stated the

following with respect to funding:

3

Hawaiian Air Joint Venture will make available $300,000,000 as, and for equity investment and financing, $200,000,000 will be made available for acquisition of stock in the reorganized Hawaiian Airlines, Inc. and $100,000,000 will be made available as financing for senior secured debt to be loaned to the reorganized Hawaiian Airlines Inc.  I hereby affirm and declare that Hawaiian Air Joint Venture has readily available to it the funds necessary for fulfillment of the transactions set forth above with the reorganized Hawaiian Airlines, Inc.

(Id.)

Third, on December 8, 2004, Konop and the Co-Proponents filed a Fifth Amended Plan of Reorganization and disclosure statement.  (Bk. No. 03-00817, Docs. ## 3894, 3896.)  The December disclosure statement contained the exact same representations about the availability of funds as the November 2004 statement and attached as Exhibit H the same affidavit from Boghosian.  (Bk. No. 03-00817, Doc. # 3896 at 50; id. Ex. H.)

On January 13, 2005, Konop and the Co-Proponents filed another exhibit to the December 2004 disclosure statement.  (Bk. No. 03-00817, Doc. # 4150.)  It contained an affidavit from Dr. William H. Spencer stating that "if funds are not otherwise available, E&M will utilize the $500,000,000 United States dollars as evidenced in the attached documentation to fund the above-referenced transactions with Hawaiian Airlines, Inc."  (Id.)  Attached to Spencer's declaration was a copy of a document referring to an account at the "ABN-AMRO Bank"

4

entitled "E&M Trust" with a deposit of $500 million dollars in the name of "Dr. William H. Apencer [sic] and Mr. Richard E. Warren." (<u>Id.</u>)  The document stated that "these assets were legally obtained from non-criminal business or actions." (<u>Id.</u>)

On February 4, 2005, Konop and the Co-Proponents filed a declaration from Spencer further attesting to the availability of funds and commitment to finance Konop's reorganization plan.  (Bk. No. 03-00817, Doc. # 4309.)  Attached to that declaration was a letter from ABN-AMRO bank purporting to confirm the $500 million on deposit in the E&M Trust account.  (<u>Id.</u>) The letter stated that "we, ABN-AMRO Bank, N.V., confirm the amount USD 500,000,000.00 (Five hundred Millions Dollars) on deposit in account number 16/00-1119 are clean, clear and free of non-criminal origin . . . ." (<u>Id.</u>)  The letter also contained several spelling and grammatical errors.  (<u>Id.</u>)

On March 28, 2005, the Bankruptcy Court entered an Order disapproving with prejudice  Konop and the Co-Proponents' Fifth Amended Plan of Reorganization and the accompanying disclosure statement.  (Bk. No. 03-00817, Doc. # 4671.)  That Order states, in pertinent part, that "it appear[s] that the proponents of that proposed [Fifth Amended] Plan have no available financing to fund their Plan and have misrepresented the availability of such funding."  (<u>Id.</u>)

Subsequently, Paul Boghosian and William Spencer were both convicted of conspiracy to commit bankruptcy fraud, and Boghosian was also convicted of one count of commercial bribery.  United States v. Boghosian, et al., Case No. 05-cr-00351 (S.D.N.Y. Oct. 20, 2005).

II.     The Sanctions Motion

On April 11, 2005, Joshua Gotbaum, the Chapter 11 Trustee of Hawaiian Airlines, Hawaiian Holdings, Inc., HHIC, Inc., and RC Aviation LLC (collectively, "HHI Parties") filed a motion requesting that the Bankruptcy Court hold Konop, Randal Yoshida ("Yoshida"), and Timothy Philipp ("Philipp")[1] in contempt of court and order them to pay sanctions for making knowing misrepresentations to the court regarding the existence of financing to support Konop's Reorganization Plan ("Sanctions Motion").  (Bk. No. 03-00817, Doc. # 4739.)  On June 17, 2005, Konop filed an Opposition to the Sanctions Motion. (Bk. No. 03-00817, Doc. # 5159.)  On July 22, 2005, Hawaiian Airlines filed a Reply in support of its Sanctions Motion.  (Bk. No. 03-00817, Doc. # 5297.)

In support of its Sanctions Motion, Hawaiian Airlines submitted substantial amounts of evidence, including an email sent from Konop to Boghosian

---

[1]Yoshida and Philipps were counsel for the Co-Proponents of Konop's Reorganization Plan.

6

on November 5, 2004.  In that email, Konop tells Boghosian that "your document provides no nexus between your stated intent to provide funds and the funds."  (Id. Ex. D.)  Konop goes on to state that Boghosian's documents provide "no 'proof of funds'" and accuses Boghosian of "putting us all on the brink of a Rule 11 action." (Id.)

A.    July 2005 Hearing

On July 29, 2005, the Bankruptcy Court held the first of several hearings on the Sanctions Motion.  (Bk. No. 03-00817, Doc. # 5442.)  At the conclusion of oral argument, the court determined that the record supported a finding that Konop made knowing misstatements of fact.  (Id. at 29.) The specific misrepresentations identified by the court were as follows.

First, the Bankruptcy Court explained that there was "that plain, bald, unconditional statement in the body of the disclosure statement that the money was there and that the truth now apparently is that there wasn't the money there." (Id. at 30:3–6 (referring to the September 2004 disclosure statement).)  In reaching this conclusion, the court rejected the argument that a purported commitment from USA Capital could provide the basis for the assertion that the money was there.

7

> [W]e had the – the commitment from USA Capital for $60 million which isn't close to what the plan needed.  Also, that commitment itself, I have to say, is a little bit suspicious.  I mean, it's basically a one sentence document promising to provide $60 million without any contingencies, or conditions, or representations, or warranties.  It just isn't credible and it went away, apparently.  It was withdrawn for whatever it was worth to begin with.

(Id. at 30:6–14).

Second, the court addressed the Boghosian affidavit and concluded that Konop himself did not believe Boghosian's statements regarding the availability of financing.  The court stated as follows:

> Mr. Boghosian came along and got involved and made his promises that he would make the money available, but Captain Konop's emails that he sent to Mr. Boghosian makes it pretty clear that he didn't really believe Mr. Boghosian either, that he hadn't been convinced that there was actual money behind Mr. Boghosian's promises.  But, nevertheless, Captain Konop kept those concerns to himself and Mr. Boghosian certainly didn't tell the Court about it or tell any of the other creditors about it and continued to proceed as if he had the money available knowing full well that he didn't.

(Id. at 30:15–25.)

Based on those factual findings, the Bankruptcy Court determined that Hawaiian Airlines had "made the case for sanctions against Captain Konop" and scheduled a conference for August 15, 2005 to address, among other things, the amount of sanctions to be imposed.  (Id. at 32:2–14, 35–38.)

B.    <u>August 2005 Conference</u>

At the August 15, 2005 conference, Konop's counsel requested leave to conduct additional discovery and supplement the record on the issue of Konop's beliefs about the availability of funding at the time that the disclosure statements were filed.  (Bk. No. 03-00817, Doc. # 5700 at 8–10.)  The court granted this request in light of the "very serious collateral consequences" of the imposition of sanctions.  (<u>Id.</u> at 20.)  On August 31, 2005, Konop filed a detailed supplemental declaration along with numerous additional exhibits.  (Bk. No. 03-00817, Doc. # 5492.)

On November 15, 2005, Hawaiian Airlines filed a Motion for Partial Summary Judgment against Konop on the ground that there was no triable issue of material fact as to whether Konop made knowing misrepresentations to the court. (Bk. No. 03-00817, Doc. # 5731.)  Specifically, Hawaiian Airlines argued in its Motion that Konop's supplemental declaration and accompanying exhibits failed to provide any facts to explain away the specific evidence relied upon by the court at the July 29th hearing as the basis for imposing sanctions against Konop.  (<u>Id.</u> at 5.) Based on that contention, Hawaiian Airlines requested that the court enter an order consistent with the findings made by the court at the July 29th hearing.  (<u>Id.</u> at 8-9.) On November 23, 2005, Konop filed an Opposition to that Motion, attaching

another supplemental declaration and additional exhibits.  (Bk. No. 03-00817,

Docs. ## 5742–5744.)  Hawaiian Airlines filed a Reply on December 2, 2005.

(Bk. No. 03-00817, Doc. # 5752.)

      C.    <u>December 2005 Hearing</u>

      At a hearing held on December 13, 2005, the Bankruptcy Court issued

a tentative ruling granting Hawaiian Airlines' Motion for Partial Summary

Judgment.  (Bk. No. 03-00817, Doc. # 5885.)  The court's ruling was based on a

finding that Konop repeatedly made knowing misrepresentations to the court.

      First, the court identified five specific misrepresentations contained in

the September 2004 disclosure statement, including the representation that there

would be more than $200 million in available new cash.  (<u>Id.</u> at 4–5.) The court

concluded that the evidence submitted by Konop failed to show that this amount of

funding was available to finance his plan of reorganization.  (<u>Id.</u> at 5–6.)

      Second, the court observed that the November 2004 disclosure

statement made many of the same misrepresentations as the September disclosure

statement, the only significant difference being that Boghosian's affidavit was

attached as Exhibit H to the November statement.  (<u>Id.</u> at 6.)  With respect to that

affidavit, Konop argued that he intended for Exhibit H to have two parts, with the

10

first part being Boghosian's affidavit and the second part being proof of the

availability of funds.  The court rejected this contention, stating:

> [I]f you look at the disclosure statement and you look at Exhibit H,
> that's just not what it says.  Page 50 of the disclosure statement says
> proof of funds and the funds commitment is attached herewith as
> Exhibit H.  So, it seems to me that this statement that there was
> supposed to be a second part just isn't consistent with the
> representations that he made to the Court and the creditors at the time.

(Id. at 6.)  The court also reiterated its previous determination that "the emails that

Mr. Konop exchanged with Mr. Boghosian earlier in November 2004 make it

pretty clear that he didn't believe Boghosian either."  (Id. at 6–7.)

Third, the court observed that in the December 2004 disclosure

statement, "the same representations are repeated and at that point there was, as far

as the record shows, no more available money."  (Id. at 7.)  Further, with respect to

the subsequent declaration of Dr. Spencer filed by Konop and the Co-Proponents,

the court explained:

> January 13th of 2005, we have Dr. Spencer's declaration filed and by
> that time Captain Konop had already three times represented the
> money was already available when it wasn't and I think he knew it
> wasn't.  And, of course, as I've mentioned before, Dr. Spencer's
> declaration seems to me basically had phony written all over it.  In
> any event, it came too late to really change the situation.

After issuing its tentative ruling, the court heard oral argument from

both sides.  Thereafter, the court adopted its tentative ruling and granted the

11

Motion for Partial Summary Judgment.  (<u>Id.</u> at 11.)  The court concluded that the

subsequent amendments to the September 2004 disclosure statement demonstrate

that Konop "repeated representations that were false the first time he made them

and . . . he knew were false the first time he made them."  (<u>Id.</u>)  The court further

explained that it "continue[s] to think that there's just no basis for [Konop] to

believe what he was saying to the Court in September or November or early

December and I think that the issues were properly noticed for today's hearing."

(<u>Id.</u>)

    Following the December 2005 hearing, the parties briefed the issue of

the amount of sanctions that should be imposed against Konop.  Hawaiian Airlines

sought sanctions based on the amount of fees and expenses incurred in responding

to each of the three false disclosure statements as well as fees incurred in preparing

and prosecuting the Sanctions Motion.  (Bk. No. 03-00817, Doc. # 5836.)  In

response, Konop argued that the sanctions should be limited to the fees and

expenses incurred by Hawaiian Airlines in opposing the September 2004

disclosure statement.  (Bk. No. 03-00817, Doc. # 5853.)  Specifically, Konop

objected to the inclusion of any fees incurred before September 20, 2004 and after

October 6, 2004.  (<u>Id.</u> at 19–20, 27.)  Konop also objected to the inclusion of fees

and expenses related to Hawaiian Airlines' Sanctions Motion, stating that "[t]hese

12

are not charges which were necessarily incurred with respect to plan or disclosure statement opposition."  (Id. at 23.)

D.     March 2006 Hearing

On March 28, 2006, the court held a hearing to address the calculation of the sanctions award.  (Bk. No. 03-00817, Doc. # 5859.) The court identified certain fees that would not be included, such as fees incurred before the filing of the September 2004 disclosure statement and fees related to Konop's appeal.  (Id. at 5–7.)  On May 10, 2006, the Bankruptcy Court entered an Order Granting Sanctions Against Konop in the amount of $379,340.11, less any amounts paid by attorneys Randal Yoshida and Timothy Philipp.  (Bk. No. 03-00817, Doc. # 5873.) That amount reflects the costs of investigating and opposing the September, November, and December 2004 disclosure statements, and the costs of bringing and prosecuting the Sanctions Motion.

III.    The Instant Appeal

Following the Bankruptcy Court's December 13, 2005 bench ruling granting the Motion for Partial Summary Judgment against Konop as to Sanctions Motion (Bk. No. 03-00817, Doc. # 5769), Konop filed his initial Notice of Appeal on December 22, 2005 (Bk. No. 03-00817, Doc. # 5773).  On May 15, 2006, Konop filed a Supplemental Notice of Appeal after the Bankruptcy Court issued its

13

Order Granting Sanctions against Konop.  (Bk. No. 03-00817, Doc. # 5881.)

On August 25, 2008, Judge Faris approved the parties' Stipulation for Dismissal

With Prejudice of the Motion for Contempt and Payment of Attorneys Fees as to

Timothy Philipp.  (Bk. No. 03-00817, Doc. # 6034.)  Thereafter, on September 8,

2008, Konop filed his Second Supplemental Notice of Appeal. (Bk. No. 03-00817,

Doc. # 6045.)  On June 6, 2011, Konop filed his opening brief.  (Doc. # 56.)  On

July 14, 2011, Appellee Hawaiian Airlines filed its Brief.  (Doc. # 64.)  On August

1, 2011, Konop filed his Reply.  (Doc. # 66.)

## STANDARD OF REVIEW

A district court applies the same standard of review applied by an

appellate court in reviewing a bankruptcy appeal.  In re JTS Corp., 617 F.3d 1102,

1109 (9th Cir. 2010).  "The court reviews the Bankruptcy Court's findings of fact

under the clearly erroneous standard and its conclusions of law de novo."  In re

Kimura, 969 F.2d 806, 810 (9th Cir. 1992); see also JTS Corp., 617 F.3d at 1109

("The Bankruptcy Court's findings of fact are reviewed for clear error, while its

conclusions of law are reviewed de novo." (quotations omitted)); In re Marquam

Inv. Corp., 942 F.2d 1462, 1465 (9th Cir. 1991) ("We review the Bankruptcy

Court's findings of fact under the clearly erroneous standard and its conclusions of

law de novo.").  The court "must accept the Bankruptcy Court's findings of fact,

unless 'the court is left with the definite and firm conviction that a mistake has been committed.'" JTS Corp, 617 F.3d at 1109 (quoting In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).  "'Mixed questions of law and fact are reviewed de novo.'" Id. (quoting In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998)).

A bankruptcy court's award of sanctions is reviewed under the abuse of discretion standard.  In re S. Cal. Sunbelt Developers, Inc., 608 F.3d 456, 461 (9th Cir. 2010) (citing Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 705 (9th Cir.2004)).  A court abuses its discretion if its decision is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005) (citing Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003)).

## DISCUSSION

In the instant appeal, Konop contends that: (1) the Bankruptcy Court improperly sanctioned him without a necessary conclusion of bad faith; (2) the Bankruptcy Court deprived him of due process by sanctioning him without providing adequate notice and an opportunity to be heard; (3) the Bankruptcy Court abused its discretion in determining the amount of sanctions awarded; (4) the Bankruptcy Court erred in granting Hawaiian Airlines' Motion for Partial

15

Summary Judgment; and (5) Hawaiian Airlines had an improper purpose in bringing the Sanctions Motion.

I.      The Bankruptcy Court's Inherent Authority to Sanction

The Ninth Circuit has held that Bankruptcy Courts possess the inherent power to sanction bad faith or willful misconduct even in the absence of express statutory authority to do so.  In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003); Hale v. U.S. Trustee, 509 F.3d 1139, 1148 (9th Cir. 2007) ("[B]ankruptcy courts have the inherent power to sanction vexatious conduct presented before the court." (internal quotation and citation omitted).)  This inherent authority is recognized in section 105(a) of the Bankruptcy Code, which states:

> No provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  By granting Bankruptcy Courts authority to "issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that Bankruptcy Courts have the inherent power to sanction that ... exists within Article III courts."  In re Rainbow Magazine, 77 F.3d 278, 284 (9th Cir. 1996).  This inherent sanction authority "allows a Bankruptcy Court to deter and provide compensation for a broad range of improper litigation tactics."  Dyer, 322 F.3d

16

1178, 1196 (9th Cir. 2003) (citing <u>Fink v. Gomez</u>, 239 F.3d 989, 992–93 (9th Cir. 2001).

In order to impose sanctions under its inherent authority, a Bankruptcy Court "must make an explicit finding of bad faith or willful misconduct." <u>In re Lehtinen</u>, 564 F.3d 1052, 1058 (9th Cir. 2009) (citing <u>Dyer</u>, 322 F.3d at 1196). "Bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness." <u>Id.</u> Courts have found bad faith where a party makes knowing misrepresentations to the court. <u>See</u> <u>Deigert v. Baker</u>, No. RDB-09-00392, 2010 WL 3860639 at *3-4 (D. Md. Sept. 30, 2010) (finding bad faith based on knowing misrepresentations to the court regarding the plaintiff's residence); <u>see also</u> <u>In re Dubrowsky</u>, 244 B.R. 560, 579 (E.D.N.Y. 2000) (affirming sanctions award based on finding of bad faith where debtor knowingly made false statements in his petition and schedules).

II.    <u>Bankruptcy Court's Finding of Bad Faith</u>

Here, the Bankruptcy Court made clear that it was sanctioning Konop pursuant to its inherent powers.  (Bk. No. 03-00817, Doc. # 5873.)  In order to impose sanctions under its inherent authority, the Bankruptcy Court was required to make a finding of bad faith or willful misconduct.  <u>Lehtinen</u>, 564 F.3d at 1058 (9th Cir. 2009).  Konop contends that the Bankruptcy Court committed clear error

by failing to make a finding of bad faith before granting the Sanctions Motion. (Doc. # 56 at 22–25.)  However, contrary to his contention, the record indicates that the Bankruptcy Court did in fact find that Konop acted in bad faith.

The Bankruptcy Court's Order Granting Sanctions states that Konop is held in contempt and ordered to pay sanctions based, in part, on the reasons stated orally on the record at the hearings held on July 29, 2005, December 13, 2005, and March 28, 2006.  (Bk. No. 03-00817, Doc. # 5873.)  At the hearing held on July 29, 2005, the court stated the following with respect to the grounds for imposing sanctions against Konop:

> As to Captain Konop, the bad faith that's alleged is basically knowingly making misrepresentations to the Court about the availability of financing for this plan, and . . . it seems to me that the record here does support the finding that there were knowing misstatements of fact.

(Bk. No. 03-00817, Doc. # 5873 at 29).  At the hearing held on March 28, 2006, the Bankruptcy Court reiterated its conclusion regarding Konop's knowing misrepresentations as follows:

> I've already ruled on the issue of liability and that is that Mr. Konop signed three disclosure statements that had statements in them, material statements in them, that were false and that he knew were false . . . . I think he knew at the time he made it that they were not then true and that sanctions are appropriate under inherent powers.

18

Therefore, although the Court did not explicitly state that Konop acted in bad faith, it impliedly did so by finding that Konop engaged in conduct amounting to bad faith, i.e., knowingly making misrepresentations to the Court. See Lehtinen, 564 F.3d at 1061 ("'[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.'" (emphasis in original) (quoting Fink, 239 F.3d at 994); see also Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1051 (9th Cir. 1985) (holding that express findings were not necessary where the record supports a finding that the sanctioned attorney acted in bad faith). Indeed, to hold otherwise would elevate form over substance. The record makes clear that the Bankruptcy Court necessarily found that Konop acted in bad faith by concluding that he made knowing misrepresentations to the court.

Moreover, the court's finding that Konop made knowing misrepresentations to the court was not clearly erroneous. The record contained more than sufficient evidence to support a finding that Konop knew that the factual representations made in the disclosure statements were false at the time that those documents were filed. That evidence included Konop's deposition testimony, wherein he acknowledges that he did not have funding by the time that he filed the September 2004 disclosure statement, as well as Konop's emails to Boghosian demonstrating that he had clear misgivings about the availability of funding prior

19

to the filing of the November and December disclosure statements.  (Bk. No. 03-00817, Doc. # 4569 Ex. D at 150, Doc. # 5298 Exs. D, E.)  Further, after the Bankruptcy Court gave Konop an opportunity to pursue additional discovery and supplement the record regarding his alleged knowing misrepresentations, Konop failed to come forward with evidence of financing commitments sufficient to support the representations made in the various disclosure statements.  To be sure, the statements in his declaration regarding his reliance on funding from USA Capital Bank is controverted by his own prior deposition testimony.  (Bk. No. 03-00817, Doc. # 4569 Ex. D. at 75–76; see also Bk. No. 03-00817, Doc. # 5492-5 Exs. 51, 58, 59.)  In light of the evidence before the Bankruptcy Court, this Court concludes that the Bankruptcy Court's finding that Konop knew that the representations were false at the time that they were made was not clearly erroneous.  See  JTS Corp, 617 F.3d at 1109 ("[t]he Bankruptcy Court's findings of fact are reviewed for clear error" and the court "must accept the Bankruptcy Court's findings of fact, unless the court is left with the definite and firm conviction that a mistake has been committed").

III.   <u>Due Process</u>

Notice and opportunity to be heard are indispensable prerequisites for monetary sanctions imposed pursuant to the court's inherent powers.  <u>Lasar v. Ford Motor Co.</u>, 399 F.3d 1101, 1109–10 (9th Cir. 2005) (citing <u>Cole v. U.S. Dist. Court for the Dist. of Idaho</u>, 366 F.3d 813, 821 (9th Cir. 2004).  "'Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed.'"  <u>Lehtinen</u>, 564 F.3d at 1060 (quoting <u>In re DeVille</u>, 361 F.3d 539, 548 (9th Cir. 2004)).  However, the rule is not absolute.  <u>Id.</u>  The Ninth Circuit has held that "when using the inherent sanction power, due process is accorded as long as the sanctionee is 'provided with sufficient, advance notice of exactly which conduct was alleged to be sanctionable, and [was] furthermore aware that [he] stood accused of having acted in bad faith.'"  <u>Id.</u> (quoting <u>Miller v. Cardinale</u>, 361 F.3d 539, 547 (9th Cir.2004)).

Konop argues that the Bankruptcy Court did not provide him adequate notice of "the allegations asserted to support its grant of sanctions."  (Doc. # 56 at 19.)  Konop also claims that there was "neither a fair hearing, nor a reasonable opportunity to be heard."  (Doc. # 66 at 13.)  The record belies this argument.

First, the Sanctions Motion put Konop on notice that Hawaiian Airlines was seeking sanctions for the "pattern of misrepresentations [that] began in September 2004 with the deceptive disclosure statement filed by Konop and others, and continued for a period of six months." (Bk. No. 03-00817, Doc. # 4739 at 2.)  The Motion identified with specificity the various alleged misrepresentations made by Konop and set forth evidence supporting those allegations.  (Id. at 2–14.) To this end, the Motion incorporated by reference the Supplemental Memorandum of Points and Authorities in Opposition to Konop's Reorganization Plan filed by the Chapter 11Trustee of Hawaiian Airlines on March 7, 2005, along with all the declarations, deposition transcripts and exhibits accompanying that brief.  (Id. at 14; Bk. No. 03-00817; Doc. # 4568–69.)  That Supplemental Memorandum describes in detail all the alleged misrepresentations for which Konop was ultimately sanctioned, including the representations found in the three disclosure statements, Boghosian's affidavit, Spencer's declaration and affidavit, and the documents relating to the E&M Trust account. (Bk. No. 03-00817; Doc. # 4568–69.)

Next, at the July 29, 2005 hearing on the Sanctions Motion, Konop's attorney, David Gierlach, Esq., was given an opportunity to present oral argument to the Court.  Following oral argument, the Bankruptcy Court  issued a bench

22

ruling that detailed the sanctionable conduct committed by Konop.  (Bk. No. 03-00817, Doc. # 5442.)  Specifically, the Bankruptcy Court pointed to the misrepresentations made in the September 2004 disclosure statement and the continued misrepresentations made to the court following Konop's emails to Boghosian.  (Id. at 29–30.)  The court also made clear in its ruling that the sanctionable conduct did not include Konop's discovery conduct as well as his out-of-court efforts to avoid ratification of the modified collective bargaining agreement.  (Id. at 31.)

At the status conference held a couple weeks later, pursuant to Mr. Gierlach's request, the Bankruptcy Court granted Konop the opportunity to conduct additional discovery and present evidence to show that he had a good faith belief that committed financing existed.  (Bk. No. 03-00817, Doc. # 5700 at 8–10, 20.)  In other words, Konop was given yet another chance to explain himself after the Sanctions Motion was fully briefed, hearing was held on that Motion, and the Court issued a bench ruling on that Motion.  Konop took full advantage of this opportunity by filing a detailed supplemental declaration containing 545 paragraphs to which he attached 74 exhibits.  (Bk. No. 03-00817, Docs. # 5492.)

After Konop submitted this additional evidence, Hawaiian Airlines filed its Motion for Partial Summary Judgment, which set forth all the conduct for

which Hawaiian was seeking sanctions based upon the record that had been

developed.  (Bk. No. 03-00817, Doc. # 5731.)  Konop was then given an

opportunity to respond and submit yet another declaration to show that he did not

act in bad faith.

At the hearing on the Partial Summary Judgment motion, the Court

issued a lengthy tentative ruling that identified numerous knowing

misrepresentations made by Konop, including five specific misrepresentations in

the September 2004 disclosure statement, the same misrepresentations repeated in

the November 2004 and December 2004 disclosure statements, and the false and

misleading statements in the Boghosian affidavit and the Spencer declaration.  (Bk.

No. 03-00817, Doc. # 5885 at 4–10.)  The Court observes that these are the very

same misrepresentations set forth in the Supplemental Memorandum that was

incorporated by reference into Hawaiian Airlines' original Sanctions Motion.

After issuing its tentative ruling, the Court gave both sides another opportunity to

be heard with respect to Konop's knowing misrepresentations.  Thereafter, the

court adopted its tentative ruling and granted the Motion for Partial Summary

Judgment.

In sum, the record clearly demonstrates that Konop received more

than adequate notice of exactly which conduct was alleged to be sanctionable and

was furthermore aware that he stood accused of having acted in bad faith.  The

record further demonstrates that Konop was provided ample opportunity to be

heard with respect to those issues.  Accordingly, the Court concludes that Konop's

procedural due process rights were not violated in connection with the imposition

of sanctions.

IV.    Calculation of Sanctions

        The Bankruptcy Court issued an Order Granting Sanctions Against

Konop in the amount of $379,340.11, less any amounts paid by Randal Yoshida

and Timothy Philipp.  (Bk. No. 03-00817, Doc. # 5873.)  This amount reflects the

costs incurred in investigating and opposing the September , November, and

December 2004 disclosure statements as well as the costs of bringing and

prosecuting the Sanctions Motion.  Konop contends that the Bankruptcy Court

abused its discretion in determining the amount of sanctions awarded against him.

Specifically, he asserts that the sanctions award should have been limited to the

costs incurred by Hawaiian Airlines in responding to the September 2004

disclosure statement and that any sanctions beyond that amount are punitive and

exceed the Bankruptcy Court's inherent authority.[2]

---

[2]The Court rejects Appellee's contention that Konop waived the argument
that the Bankruptcy Court lacked the inherent power to award sanctions for fees
and expenses incurred in pursuing sanctions.  The record indicates that Konop

25

A reviewing court will not disturb the Bankruptcy Court's entry of sanctions unless the Bankruptcy Court abused its discretion.  Sunbelt Developers, 608 F.3d at 461.  A court abuses its discretion if its decision is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." Holgate, 425 F.3d at 675.  The Ninth Circuit has held that when a Bankruptcy Court imposes sanctions pursuant to its inherent power, the court "should limit sanctions to the opposing party's more 'direct' costs, that is, the costs of opposing the offending pleading or motion."  Sunbelt Developers, 608 F.3d at 466 (9th Cir. 2010) (quoting Lockary v. Kayfetz, 974 F.2d 1166, 1178 (9th Cir. 1992)).[3]

As applied here, the Bankruptcy Court properly held Konop liable for the attorneys' fees and expenses incurred by Hawaiian Airlines in investigating and

---

argued before the Bankruptcy Court that "[s]anctions beyond [those directly related to the September 2004 disclosure statement] exceed the Bankruptcy Court's inherent authority" and that the costs associated with the Sanctions Motion should not be included because such costs "are not charges which were necessarily incurred with respect to plan or disclosure statement opposition."  (Bk. No. 03-00817, Doc. # 5853 at 1, 23.)

[3]In reaching this conclusion, the Ninth Circuit rejected the contention that Lockary has been overruled by Margolis v. Ryan, 140 F.3d 850 (9th Cir. 1998), with respect to sanctions imposed under the court's inherent power.  Sunbelt Developers, 608 F.3d at 467 n.6.  The Ninth Circuit explained that "[i]n Margolis, the court interpreted Lockary as imposing a restriction on sanctions imposed under Rule 11."  Id.  Therefore, the Ninth Circuit concluded that "although Margolis is binding circuit precedent, its conclusion that 'the rule in Lockary . . . is no longer good law' has no effect here because this is not a Rule 11 case."  Id.

opposing the three misleading disclosure statements since those constitute the "costs of opposing the offending pleading or motion." Id. at 466.  Konop was given more than adequate notice and opportunity to be heard with respect to the allegation that he made knowing misrepresentations in each of the three disclosure statements.  Moreover, as discussed above, the Bankruptcy Court's determination that Konop made knowing misrepresentations in those three disclosure statements was not clearly erroneous in light of the evidence before the court.  The sanctions award is thus supported by adequate factual findings of bad faith.  Accordingly, the Bankruptcy Court did not abuse its discretion in awarding sanctions for the costs associated with opposing those three disclosure statements.

The Bankruptcy Court erred, however, by holding Konop liable for the fees and expenses incurred by Hawaiian Airlines in preparing and prosecuting the Sanctions Motion, as those are not costs directly incurred by Hawaiian in opposing the misleading disclosure statements.  See id. at 466 (holding that the Bankruptcy Court erred by including the costs of litigating motions for sanctions in the costs and fees awarded pursuant to the court's inherent sanction power); see also Lockary, 974 F.2d at 1178 (holding that the costs of preparing a motion for sanctions should not be included in sanctions imposed by the district court under its inherent powers), superseded by change in Rule 11 as stated in Margolis v.

27

Ryan, 140 F.3d 850 (9th Cir. 1998).  Therefore, the Bankruptcy Court abused its

discretion in awarding sanctions for the costs associated with bringing the

Sanctions Motion.

V.      Motion for Partial Summary Judgment

          Konop argues that the Bankruptcy Court erred in granting Hawaiian

Airlines' Motion for Partial Summary Judgment against Konop.  Specifically,

Konop contends that there were genuine issues of material fact as to whether

Konop made knowing misrepresentations to the court.

          A district court reviews de novo the Bankruptcy Court's grant of

summary judgment.  In re Sabban, 600 F.3d 1219, 1221–22 (9th Cir. 2010).  In

reviewing a summary judgment, the task of an appellate court is the same as a trial

court under Federal Rule of Civil Procedure 56, which is applicable to bankruptcy

cases pursuant to Federal Rule of Bankruptcy Procedure 7056.  In re SNTL Corp.,

571 F.3d 826, 834 (9th Cir. 2009).  Viewing the evidence in the light most

favorable to the non-moving party, the court must determine whether there were

any genuine issues of material fact.  Id.  "A factual dispute is genuine only if a

reasonable trier of fact could find in favor of the nonmoving party."  McDonald v.

Sun Oil Co., 548 F.3d 774, 778 (9th Cir. 2008).

Here, the Court concludes that there were no genuine issues of material fact as to whether Konop made knowing misrepresentations to the Bankruptcy Court.  As set forth above, Hawaiian Airlines presented overwhelming evidence demonstrating that at the time that each of the three misleading disclosure statements were filed, Konop did not believe that financing existed to support his Reorganization Plan.  Meanwhile, after being given several opportunities to supplement the record with respect to his argument that the representations were made in good faith, Konop failed to proffer competent, affirmative evidence showing that he believed such financing existed.  To be sure, Konop's declaration and exhibit addendum did not raise a genuine issue of fact as to whether Konop believed that the specific representations he made in his disclosure statements were true.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing  Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996) (stating that the Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony"); see also Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("a scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact").  Thus, based on the evidentiary record before the Bankruptcy Court, a reasonable trier of fact could not have found in favor of

Konop.  McDonald, 548 F.3d at 778; see also  In re Ahaza Systems, Inc., 482 F.3d

1118, 1128 (9th Cir. 2007) ("Where the evidence is so one-sided that one party

must prevail as a matter of law, a trial is unnecessary.").  Accordingly, this Court

concludes that the Bankruptcy Court correctly granted Hawaiian Airlines' Partial

Summary Judgment Motion.[4]

VI.   Improper Purpose

             Lastly, Konop asserts that the Sanctions Motion should be dismissed

because of Hawaiian Airlines' allegedly "unclean hands."  (Doc. # 56 at 29.)

According to Konop, Hawaiian Airlines had unclean hands because it brought the

Sanctions Motion for the improper purpose of "counter[ing] Konop's lawful efforts

to promote a Reorganization Plan."  (Id.)  This argument fails for two reasons.

First, Konop failed to raise this argument before the Bankruptcy Court and is thus

barred from asserting it on appeal.  See In re Tamen, 22 F.3d 199, 205 (9th Cir.

1994) (citing In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir. 1989)).

Moreover, even considering this argument, there is no evidence in the record to

support Konop's contention that Hawaiian Airlines sought sanctions against Konop

---

[4]As set forth above, this Court has determined that the Bankruptcy Court's
ultimate finding that Konop in fact made knowing misrepresentations to the court
was not clearly erroneous.  Therefore, regardless of this Court's decision with
respect to the Partial Summary Judgment Motion, there exists an independently
sufficient ground on which to affirm the imposition of sanctions against Konop.

"for his protected, concerted labor activities."  (Doc. # 56 at 29.)  Indeed, contrary

to this contention, the record indicates that Hawaiian Airlines sought sanctions for

Konop's knowing misrepresentations to the Court, which obviously is not a

protected activity.  (See Bk. No. 03-00817, Doc. # 4739.)  Therefore, Konop's

argument regarding Hawaiian Airlines' allegedly improper purpose constitutes

pure speculation, which is insufficient to warrant dismissal of the Sanctions

Motion.

<u>CONCLUSION</u>

For the reasons stated above, the Court **AFFIRMS IN PART** and

**VACATES IN PART** the Bankruptcy Court's Order Granting Sanctions Against

Konop.  This matter is **REMANDED** to the Bankruptcy Court with instructions to

amend the sanctions award in accordance with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 28, 2011.



_____
David Alan Ezra
United States District Judge

Konop v. Hawaiian Airlines, Inc., CV No. 08-00405 DAE-BMK; ORDER: (1) AFFIRMING IN PART
AND VACATING IN PART THE BANKRUPTCY COURT'S ORDER GRANTING SANCTIONS
AGAINST KONOP AND (2) REMANDING THIS MATTER TO THE BANKRUPTCY COURT